FILED
CLERK U.S. DISTRICT COURT
APR 28 2008
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| THOMAS R. TENNARD,<br><br>　　　　Petitioner,<br><br>v.<br><br>JOHN MARSHALL,<br><br>　　　　Respondent. | ED CV 07-1277-GW (SH)<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. Section 636(b)(1)(C), the Court has reviewed the Petition, all of the records and files herein and the attached Report and Recommendation of the United States Magistrate Judge, and has made a <u>de novo</u> determination of the Report and Recommendation. The Court concurs with and adopts the conclusions of the Magistrate Judge.

IT IS ORDERED that the Petition filed herein is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by the United States mail on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 28, 2008

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| THOMAS R. TENNARD, <br>     Petitioner, <br> v. <br> JOHN MARSHALL, <br>     Respondent. | No. EDCV 07-1277-GW (SH) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California. For the reasons stated below, the petition for a writ of habeas corpus should be denied.

## I. PROCEEDINGS

Petitioner, a prisoner in the custody of the California Department of Corrections,

1  challenges his 2003 conviction for petty theft with a prior conviction and resulting
2  sentence in California Superior Court, Riverside County (Case No. RIF 108740).
3      On September 24, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a
4  Person in State Custody ("Petition") in the United States District Court for the Southern
5  District of California, accompanied by supporting exhibits. As best the Court can glean
6  from petitioner's allegations, the Petition alleges the following claims: (1) the trial court
7  imposed an upper term sentence in violation of Cunningham v. California, 127 S.Ct. 856,
8  166 L.Ed.2d 856 (2007); and (2) the trial court imposed multiple sentencing
9  enhancements based on his admitted prior convictions in violation of California Penal
10 Code § 654. (Petition at 6-7). By Order dated September 28, 2007, the Southern District
11 transferred the matter to the United States District Court for the Central District of
12 California.
13     After receiving an extension of time, respondent filed an Initial Response to the
14 Petition on November 21, 2007. On December 27, 2007, respondent filed a Return to the
15 Petition, accompanied by a supporting Memorandum of Points and Authorities ("Return
16 Memorandum"). In the Return, respondent contended that the Petition is time barred
17 contending that the Petition is barred by the one-year statute of limitations. (See Return
18 Memorandum at 2-5). Respondent alternatively contended that petitioner's sentencing
19 error claims should be denied on the merits. (Return Memorandum at 5-8).[1]
20     Petitioner filed a Traverse to the Return on January 7, 2008.
21     Thus, this matter now is ready for decision.

## II. PROCEDURAL HISTORY

24     On April 29, 2003, petitioner pled guilty in Riverside County Superior Court to
25 one count of petty theft with a prior conviction, and admitted the special allegations that
26 he had served three prior prison terms and had suffered a prior "strike" conviction

---

[1] The Court's determination that the Petition is time barred renders it unnecessary for the Court to address respondent's alternative contention.

1  pursuant to California Penal Code §§ 667(c) and (e)(2)(A). On the same date, the trial
2  court dismissed the prior "strike" allegation, and sentenced petitioner to state prison for a
3  total term of nine years, consisting of the upper term of six years for the petty theft with a
4  prior conviction and three years for the prior prison terms findings. (See Respondent's
5  Notice of Lodgment ("Lodgment") No. 1).

6  Petitioner did not appeal his conviction to the California Court of Appeal or file a
7  Petition for Review with the California Supreme Court. (See Petition at 2).

8  On March 21, 2007, petitioner filed a petition for writ of habeas corpus in the
9  Riverside County Superior Court, alleging the same claims as the claims alleged in the
10 Petition herein. (See Lodgment No. 2).[2] On April 20, 2007, the Riverside County
11 Superior Court denied that habeas petition, stating: "Petitioner has failed to allege
12 sufficient facts to establish a prima facie case for petitioner's release. (The allegations
13 are vague and conclusory)." (See Lodgment No. 3).

14 Petitioner then filed a habeas petition in the California Court of Appeal, wherein
15 he alleged the same claims. (See Lodgment No. 4). On July 6, 2007, the California
16 Court of Appeal summarily denied that habeas petition without citation of authority.
17 (See Lodgment No. 5).

18 Petitioner then filed a habeas petition in the California Supreme Court, alleging
19 the same claims. (See Lodgment No. 6). On August 22, 2007, the California Supreme
20 Court denied that habeas petition. (See www.courtinfo.ca.gov).

21 On September 13, 2007, petitioner signed the instant Petition, which was filed in

---

[2] Pursuant to the "mailbox" rule, this Court utilizes the date on which petitioner, appearing in pro per, provided prison authorities with the document as the filing date. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001); Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001).
For purposes of its analysis, the Court will use March 21, 2007, the date petitioner signed his Superior Court habeas petition, as the filing date.

3

the Southern District on September 24, 2007.[3]

## III. DISCUSSION

### A. ABSENT GROUNDS TO EITHER DELAY THE RUNNING OF OR EQUITABLY TOLL THE STATUTE OF LIMITATIONS, THE PETITION IS UNTIMELY

Federal habeas corpus relief is governed by statute and codified in Title 28, United States Code at Sections 2241-2255. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. Williams v. Taylor, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.[4]

A state prisoner with a conviction finalized after April 24, 1996, such as

---

[3] "Under the 'prison mailbox rule' of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

[4] 28 U.S.C. § 2244(d)(1)-(2) provides as follows:
"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

4

petitioner, must seek federal habeas relief "within one year of the date his process of direct review came to an end." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc).

Here, since petitioner did not appeal his conviction, his conviction became final on June 28, 2003, sixty days after the date of his sentencing. See Cal. Rules of Court, Rule 8.308(a); former Cal. Rules of Court, Rule 31(a). Petitioner therefore had until June 28, 2004 to timely seek federal habeas relief. See Wixom v. Washington, 264 F.3d 894, 898 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

Petitioner filed his state habeas petitions after the one-year statute of limitations expired. (See Lodgment Nos. 2, 4, and 6). Thus, petitioner's state habeas petitions did not statutorily toll the limitations period. See 28 U.S.C. § 2244(d)(2); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (28 U.S.C. § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed."), cert. denied, 540 U.S. 924 (2003).

Petitioner did not file the instant Petition until September 13, 2007, more than three years after the statute of limitations expired.

### B. PETITIONER HAS NOT ALLEGED GROUNDS FOR EITHER DELAYING OR EQUITABLY TOLLING THE STATUTE OF LIMITATIONS

Under 28 U.S.C. § 2244(d), the statute of limitations begins to run the later of four possible dates. 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner has not alleged the applicability of any of the statutory circumstances that would delay the running of the statute of limitations.

Moreover, the Ninth Circuit has recognized the availability of equitable tolling to the one-year statute of limitations in situations where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, supra,

128 F.3d at 1289 (9th Cir. 1997) (emphasis added)(citations omitted). The words "extraordinary" and "impossible" suggest the limited availability of this doctrine. To date, the Ninth Circuit has found very few circumstances which warrant equitable tolling.[5] The lack of precedent finding circumstances worthy of equitable tolling suggests not only the scarce applicability of the doctrine, but also that the circumstances must truly rise to the occasion of being "extraordinary" and petitioner must be able to demonstrate that filing a timely petition was not possible. Here, petitioner has not asserted that he is entitled to equitable tolling.

Because petitioner has not alleged grounds to statutorily or equitably toll the statute of limitations, this Court finds that the Petition is untimely and therefore should be dismissed.

///
///
///
///
///

---

[5] See e.g., Jefferson v. Budge, 419 F.3d 1013, 1014, 1017 (9th Cir. 2005)(petitioner entitled to equitable tolling because district court dismissed mixed petition without first giving petitioner choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims, but assumes "ordinary diligence" on the petitioner's part); Spitsyn v. Moore, 345 F.3d 796, 800-02, (9th Cir. 2003)(although in a non-capital case an attorney's negligence usually will not justify equitable tolling, equitable tolling available where the attorney does nothing, is completely unresponsive, and fails to return the petitioner's file until after the statute of limitations had run); Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003)(petitioner entitled to equitable tolling because district court erroneously dismissed his earlier, timely petition without first giving him an opportunity to file an amended petition as an alternative to dismissal for failure to exhaust state remedies as to all claims); Corjasso v. Ayers, 278 F.3d 874, 877-79 (9th Cir. 2002)(equitable tolling warranted where district court mishandles a petition [dismissal on a technicality and losing the body of the petition] causing it to be untimely); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling available where petitioner turned petition over to prison officials before the statutory deadline but a delay in mailing caused petition to be untimely); Beeler, supra, 128 F.3d at 1289 (equitable tolling available in situation where petitioner's lead counsel withdraws, and replacement counsel needs time to become familiar with case); Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (equitable tolling available in light of petitioner's possible mental incompetence), cert. denied, 526 U.S. 1060 (1999).

## IV. RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the district court issue an Order: (1) approving and adopting this Report and Recommendation; (2) directing that Judgment be entered dismissing the action with prejudice.

DATED: 1-9-08

*/s/ Stephen J. Hillman*
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.